J-A08019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COLLEEN MARIE MCKNIGHT, AS ADMINISTRATRIX OF ESTATE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1061 EDA 2025 |
| AIRBNB, INC., BRAD TRAPNELL, ALLEN & LOVELYN  PROPERTIES LLC, AND JOHN DOE (1-2) | : | |

Appeal from the Order Entered April 9, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  250200864

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 19, 2026**

Plaintiff/Appellant, Colleen Marie McKnight, as administratrix of her late husband's estate, appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting Defendants/Appellees' preliminary objections in the form of a petition to compel arbitration and stay the present litigation pursuant to a compulsory arbitration clause in Airbnb's terms of service provision purported to govern the underlying matter.  Because we lack jurisdiction over the present appeal, we quash.

The present action involves the tragic death of Appellant McKnight's husband, Ryan Patrick McKnight, while he was staying at an Airbnb property. The trial court has aptly set forth the procedural history and underlying facts,

_____

[*] Former Justice specially assigned to the Superior Court.

with the latter reproduced as alleged in Appellant's complaint, Defendant/Appellees' preliminary objections, and Appellant's response to the preliminary objections.

## PROCEDURAL HISTORY

On February 5, 2025, the Appellant, as Administratrix of the Estate of Ryan Patrick McKnight, filed a Complaint alleging that Ryan Patrick McKnight (hereinafter "the Decedent") drowned while using a hot tub at [a Lake Harmony, PA residential property] (hereinafter "the Property"). The Complaint asserted three causes of action against each of the named Defendants: 1) negligence; 2) wrongful death; and 3) survival. Airbnb, Inc. [] filed Preliminary Objections on March 10, 2025. The Appellant filed an answer to the Objections on April 2, 2025. On April 9, 2025, the [trial court] sustained the Objections in part and overruled them in part. The petition to compel arbitration was sustained, while all other objections were overruled. The Appellant appealed the non-final order on April 9, 2025. On April 23, the [trial court] entered an order pursuant to Pa.R.A.P. 1925. The Appellant filed a Statement of Matters Complained of on Appeal on May 9, 2025. . . . []

## FACTS

. . .

On or about August 26, 2023, Fred Reichert rented the [Lake Harmony, PA, property involved in the within matter] through [Appellee Airbnb's app]. He rented the Property from Friday, October 27, 2023, through Sunday, October 29, 2023. *See* Complaint on ¶ 33. He rented the Property on behalf of a group that included the Decedent[, Ryan Patrick McKnight]. Id. at ¶ 34. On October 29, 2023, the Decedent suffered from [hyperthermia] and drowned in the hot tub located on the Property. Id. ¶ 35-36.

The Appellant alleged in her Complaint that Airbnb owned, leased, rented, and maintained the Property. Id. at ¶ 15. [Appellant] also alleged that Airbnb owned, designed, installed, and maintained the hot tub located on the Property. Id. at ¶ 16. She further contended that the Appellee knew or should have known that "dangerous conditions," such as the hot tub, existed on the

Property. Id. at ¶ 26. Lastly, she alleged that Airbnb was responsible for managing these dangerous conditions. Id. at ¶¶ 18-31.

Airbnb disputed the Appellant's contentions. Airbnb contended that the Appellant was adequately notified about the arbitration clause found in the Terms of Service provision of the contract. *See* Objections, at ¶ 12. The Terms of Service can be seen directly below the input boxes. *See* Appellant's response to the Preliminary Objections. Airbnb further maintained that the hyperlinks connecting the user to the Terms of Service are easily noticeable because the hyperlink text is similar to the text size on the webpage, and it contrasts with the black non-hyperlink text. Id. Airbnb did not dispute that the arbitration clause in the Terms of Service was contained in Section 23 at the time the Property was booked. However, the very first paragraph of the contract was an emboldened [*sic*], conspicuous, and fully capitalized notice highlighting the arbitration clause and class action waiver. *See* Objections, at ¶ 26, Exhibit L to the Objections. Lastly, Airbnb argued that the Terms of Service specify that the arbitration clause would impact how disputes are resolved and urged customers to carefully read the clause. Id.

. . . .

On April 9, 2025, the [trial court] sustained the Objections in part and overruled them in part. The petition to compel arbitration was sustained, while all other objections were overruled. The Appellant appealed the non-final order on April 9, 2025. On April 23, the [trial] court entered an order pursuant to Pa.R.A.P. 1925. The Appellant filed a Statement of Matters Complained of on Appeal on May 9, 2025 . . . .

Trial Court Opinion, at 1-2, 2-3, 1-2.

The Brief of Appellant raises the following three issues for appeal:

1. Whether the trial court erred as a matter of law in compelling [Appellant's] complaint against Airbnb, Inc. to a mandatory arbitration where Airbnb, Inc. did not provide reasonably conspicuous notice of the waiver of the constitutional right to a jury trial and did not require users to take any action that would unambiguously manifest their assent to such waiver?

- 3 -

2. Whether the trial court erred as a matter of law in compelling [Appellant's] complaint against Airbnb, Inc. to mandatory arbitration where [Appellant's] decedent himself did not enter into any arbitration agreement with Airbnb, Inc. in connection with the rental of the premises at issue?

3. Whether the trial court erred as a matter of law in compelling [Appellant's] complaint against Airbnb, Inc. to mandatory arbitration insofar as [Appellant's] wrongful death claims are concerned, as such claims, under governing Pennsylvania law, are not subject to arbitration based on any supposed agreement entered into by decedent?

Brief of Appellant, at 4.

The question of whether an order is collateral and appealable as of right under Pennsylvania Rule of Appellate Procedure 313[1] presents a question of law. ***J.C.D. v. A.L.R.***, 303 A.3d 425, 429 (Pa. 2023)). Consequently, our standard of review is *de novo*, and our scope of review is plenary. ***Id***.

In Appellant McKnight's initial brief to this Court, she argued the trial court's order compelling arbitration is an immediately appealable collateral order pursuant to Rule 313, and she relied on this Court's *en banc* decision in

---

[1] The Pennsylvania Supreme Court codified the collateral order doctrine in Rule 313, which provides:

**(a) General Rule.** An appeal may be taken as of right from a collateral order of a trial court or other government unit.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

*Chilutti v. Uber Technologies, Inc.*, 300 A.3d 430 (Pa. Super. 2023) (*en banc*) ("*Chilutti I*") to support her position.[2]   During the pendency of the present litigation and appeal, however, the Pennsylvania Supreme Court granted allowance of appeal from *Chilutti I* on the discrete question of whether the Superior Court has appellate jurisdiction over interlocutory orders staying litigation pending arbitration.   In *Chilutti v. Uber Technologies, Inc.*, 349 A.3d 826 (Pa. filed January 21, 2026) ("*Chilutti II*"), our high court relied exclusively on procedural grounds to hold that a trial court's order staying civil litigation and granting a petition to compel arbitration is not an appealable collateral order under Pa.R.A.P. 313(b).   Focusing on the third prong of Rule 313(b), our Supreme Court concluded that the trial court's interlocutory order granting defendant ride-share company Uber's petition to compel arbitration and staying court proceedings in plaintiffs' negligence

_____

[2] In **Chilutti I**, a five-judge majority of this Court, sitting *en banc*, held, first, that Uber's website failed to provide reasonably conspicuous notice of terms to which its users, plaintiffs/appellees rideshare passenger and her husband, were bound, and, second, that passenger and husband did not take any action that unambiguously manifested their intent to be bound by Uber's terms and conditions.  The three-judge dissent denied that our Court had jurisdiction over an appeal from a collateral order staying proceedings and compelling arbitration, as it concluded plaintiffs/appellees had not satisfied the third prong of the collateral order doctrine at Pa.R.A.P. 313(b), *i.e.*, that their claim would be irreparably lost if review were postponed.  In the dissent's view, the majority's observation that postponing until final judgment a review of a trial court's order compelling arbitration *may* result in the irreparable loss of the plaintiffs' claims did not meet Rule 313(b)'s standard.

action against the company defendant would not cause plaintiffs irreparable loss of their rights to challenge on appeal both the interlocutory order itself and the final judgment entered after arbitration. Accordingly, the **Chilutti II** opinion vacated our judgment in **Chilutti I** and ordered us to quash the appeal.

Following **Chilutti II**, Appellant has filed with this Court a counseled Reply Brief in which she concedes that quashal of her present appeal is required under the Pennsylvania Supreme Court's decision. Specifically, she submits that "[In **Chilutti II**], Pennsylvania's highest court unanimously held that . . . any appellate challenge to a trial court's decision compelling arbitration must await an appeal from the trial court's final judgment entered post-arbitration." Reply Brief of Appellant, at 3. We agree and, accordingly, quash the present appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2026